IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

JACK K. HOLDREN,                          :

                    Plaintiff,            :    Case No. 3:11cv437

        vs.                               :    JUDGE WALTER H. RICE

COMMISSIONER OF SOCIAL SECURITY,  :

                    Defendant.            :

---

DECISION AND ENTRY ADOPTING REPORT AND RECOMMENDATIONS
OF UNITED STATES MAGISTRATE JUDGE (DOC. #12) IN THEIR
ENTIRETY; DEFENDANT'S OBJECTIONS TO SAID JUDICIAL FILING
(DOC. #13) OVERRULED; JUDGMENT TO BE ENTERED IN FAVOR OF
PLAINTIFF AND AGAINST DEFENDANT COMMISSIONER, REVERSING
COMMISSIONER'S DECISION THAT PLAINTIFF WAS NOT DISABLED
AND, THEREFORE, NOT ENTITLED TO BENEFITS UNDER THE SOCIAL
SECURITY ACT, AND REMANDING THE CAPTIONED CAUSE TO THE
DEFENDANT COMMISSIONER, PURSUANT TO SENTENCE FOUR OF
42 U.S.C. § 405(g), FOR FURTHER ADMINISTRATIVE PROCEEDINGS SET
FORTH HEREIN; TERMINATION ENTRY

---

        Plaintiff has brought this action pursuant to 42 U.S.C. § 405(g) to review a

decision of the Defendant Commissioner denying Plaintiff's application for Social

Security disability benefits.  On November 28, 2012, the United States Magistrate Judge

filed a Report and Recommendations (Doc. #12), recommending that the

Commissioner's finding that Plaintiff was not disabled and, therefore, not entitled to

benefits under the Social Security Act was not supported by substantial evidence and,

accordingly, should be reversed; and remanding the captioned cause to the Defendant

Commissioner, pursuant to the Fourth Sentence of 42 U.S.C. § 405(g), for further

administrative proceedings.  Based upon reasoning and citations of authority set forth in

the Magistrate Judge's Report and Recommendations (Doc. #12), as well as upon a

thorough de novo review of this Court's file, including the Administrative Transcript (Doc.

#6), and a thorough review of the applicable law, this Court adopts the aforesaid Report

and Recommendations in their entirety and, in so doing, orders the entry of judgment in

favor of the Plaintiff and against the Defendant Commissioner, concluding that the

Commissioner's decision that Plaintiff was not disabled and, therefore, not entitled to

benefits under the Social Security Act was not supported by substantial evidence.  The

Defendant's Objections to said judicial filing (Doc. #13) are overruled.  Accordingly, the

decision of the Defendant Commissioner that Plaintiff was not disabled and, therefore,

not entitled to benefits under the Social Security Act is reversed and the captioned cause

remanded to the Defendant Commissioner, pursuant to Sentence Four of 42 U.S.C.

§ 405(g), for further administrative proceedings to be set forth herein.

In reviewing the Commissioner's decision, the Magistrate Judge's task is to

determine if that decision is supported by "substantial evidence."  42 U.S.C. § 405(g).

Under 28 U.S.C. § 636(b)(1)(C), this Court, upon objections being made to the

Magistrate Judge's Report and Recommendations, is required to make a de novo review

of those recommendations of the report to which objection is made.  This de novo

review, in turn, requires this Court to re-examine all the relevant evidence, previously

reviewed by the Magistrate Judge, to determine whether the findings of the Secretary

[now Commissioner] are supported by "substantial evidence." Lashley v. Secretary of

Health and Human Services, 708 F.2d 1048, 1053 (6th Cir. 1983); Gibson v. Secretary of

Health, Education and Welfare, 678 F.2d 653, 654 (6th Cir. 1982).  This Court's sole

function is to determine whether the record as a whole contains substantial evidence to support the Commissioner's decision. The Commissioner's findings must be affirmed if they are supported by "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971), citing Consolidated Edison Company v. NLRB, 305 U.S. 197, 229 (1938); Landsaw v. Secretary of Health and Human Services, 803 F.2d 211, 213 (6th Cir. 1986). Substantial evidence means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. Richardson, supra, at 401; Ellis v. Schweicker, 739 F.2d 245, 248 (6th Cir. 1984). Substantial evidence is more than a mere scintilla, but only so much as would be required to prevent a directed verdict (now judgment as a matter of law) against the Commissioner if this case were being tried to a jury. Foster v. Bowen, 853 F.2d 483, 486 (6th Cir. 1988); NLRB v. Columbian Enameling and Stamping Company, 306 U.S. 292, 300 (1939). To be substantial, the evidence "must do more than create a suspicion of the existence of the fact to be established... [I]t must be enough to justify, if the trial were to a jury, a refusal to direct a verdict when the conclusion sought to be drawn from it is one of fact for the jury." LeMaster v. Secretary of Health and Human Services, 802 F.2d 839, 840 (6th Cir. 1986), quoting NLRB v. Columbian Enameling and Stamping Company, supra.

In determining whether the Commissioner's findings are supported by substantial evidence, the Court must consider the record as a whole. Hephner v. Mathews, 574 F.2d 359 (6th Cir. 1978); Ellis, supra; Kirk v. Secretary of Health and Human Services, 667 F.2d 524, 536 (6th Cir. 1981); Houston v. Secretary of Health and Human Services, 736 F.2d 365 (6th Cir. 1984); Garner v. Heckler, 745 F.2d 383 (6th Cir. 1984). However,

the Court may not try the case <u>de novo</u>, resolve conflicts in evidence or decide questions of credibility.  <u>Garner</u>, <u>supra</u>.  The findings of the Commissioner of Social Security and proceedings on Claimant's application for social security disability benefits are not subject to reversal merely because there exists in the record substantial evidence to support a different conclusion.  <u>Buxton v. Halter, Commissioner of Social Security</u>, 246 F.3d 762 (6th Cir. 2001).   If the Commissioner's decision is supported by substantial evidence, it must be affirmed, even if the Court as a trier of fact would have arrived at a different conclusion.  <u>Elkins v. Secretary of Health and Human Services</u>, 658 F.2d 437, 439 (6th Cir. 1981).

In addition to the foregoing, in ruling as aforesaid, this Court makes the following, non-exclusive, observations:

1.      This Court agrees with the Magistrate Judge that substantial evidence supports the Administrative Law Judge's finding that Plaintiff did not meet or equal Listing 3.02A.  Magistrate Judge's Report and Recommendations, Doc. #12, at 9-10.  On this issue, substantial evidence supports the Administrative Law Judge's determination at Step 3 of her analysis that Plaintiff did not meet or functionally equal that Listing.  The Administrative Law Judge considered all sections of the applicable Listing for respiratory impairments and found that none were met or equaled.  In so concluding, the Administrative Law Judge noted that "there is no medical opinion of record to indicate the existence of an impairment or combination of impairments that meets or equal in severity the level of the Listings of Impairments."  <u>Id</u>.

2.      The Court also agrees with the Magistrate Judge that the Administrative Law Judge's finding at Step Five of the Sequential Evaluation is not supported by substantial evidence, given that said administrative judicial officer failed to consider, or ask the vocational expert to consider, the claimant's claimed need to take on-demand nebulizer treatments when necessary.  The Administrative Law Judge's failure to inquire on this point, renders any opinion in response to a hypothetical question omitting this issue one without substantial evidence in support thereof.  Simply stated, the Administrative Law Judge failed to address, in his hypothetical question, whether a significant number of jobs in the national economy would still exist if no special accommodations were made by the employer to allow Plaintiff to use his nebulizer at least twice during an eight hour shift, for up to fifteen minutes per use, and on-demand if needed.  It must be kept in mind that the vocational expert testified that, without a special accommodation to permit scheduled and

on-demand usages, Plaintiff would be precluded from any work.  Unfortunately, this particular limitation was not included in the Administrative Law Judge's hypothetical question to the vocational expert.

3.      A remand for further administrative proceedings is required, rather than a remand for the payment of benefits, given that not all essential factual issues have been resolved and the record does not adequately establish Plaintiff's entitlement to benefits. Essential factual issues remain, which are best resolved by the Defendant Commissioner on remand.  Faucher v. Secretary of Health and Human Services, 17 F.3d 171, 176 (6th Cir. 1994).

On remand, the Administrative Judge is directed to take additional testimony, or seek medical reports from Plaintiff's treating physicians and/or from medical experts retained by the Commissioner, to determine if claimant does, in fact, need to use a nebulizer and, if so, the extent of such need and, finally, to take additional vocational expert testimony to resolve the factual issue of whether such a need, without a special accommodation to permit same, would preclude Plaintiff from any work.

WHEREFORE, based upon the aforesaid, this Court adopts the Report and Recommendations of the United States Magistrate Judge (Doc. #12) in their entirety, having concluded that the Commissioner's decision that Plaintiff was not disabled and, therefore, not entitled to benefits under the Social Security Act was not supported by substantial evidence. Defendant's Objections to said judicial filing (Doc. #13) are overruled. Judgment will be ordered entered in favor of Plaintiff and against Defendant Commissioner, reversing the decision of the Defendant Commissioner that Plaintiff was not disabled and, therefore, not entitled to benefits under the Social Security Act, and remanding the captioned cause to the Defendant Commissioner, pursuant to Sentence Four of 42 U.S.C. § 405(g), for further administrative proceedings set forth herein.

The captioned cause is hereby ordered terminated upon the docket records of the United States District Court for the Southern District of Ohio, Western Division, at Dayton.

March 18, 2013

_____
WALTER H. RICE, JUDGE
UNITED STATES DISTRICT COURT

Copies to:

Counsel of record